JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-00891-RGK (JEMx) | Date | April 3, 2017 |
|---|---|---|---|
| Title | RODOLFO CRUZ v. HILTON RESORTS CORP., et al | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 15)

### I. FACTUAL BACKGROUND

On December 28, 2016, Rodolfo Cruz ("Plaintiff") filed a Complaint against Hilton Resorts Corporation, and Hilton Worldwide Inc. ("Hilton"). Plaintiff's Complaint arises out of his employment with Defendant at the Beverly Hilton Hotel. Plaintiff alleges that Defendant discriminated against Plaintiff when it passed him over for promotion twice, then committed retaliatory acts against Plaintiff when he complained. Plaintiff asserts state claims for wrongful discharge, racial discrimination, harassment on the basis of age and race, and retaliation.

On February 3, 2017, Hilton removed the action to federal court on the ground of diversity jurisdiction. Hilton's basis for removal were that Plaintiff is a California citizen, Hilton is a Delaware citizen, and the amount in controversy, as alleged in the complaint, is at least $500,000.

On March 3, 3017, Plaintiff filed a First Amended Complaint that adds Oasis West Realty, LLC ("Oasis"), a California citizen, as a named defendant.

By way of the current motion, Plaintiff seeks an order remanding the action to state court for lack of subject matter jurisdiction.

### II. JUDICIAL STANDARD

A defendant may remove a case from state court when the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of the evidence that removal is proper. *Id.* at 566-67.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-00891-RGK (JEMx) | Date | April 3, 2017 |
|---|---|---|---|
| Title | RODOLFO CRUZ v. HILTON RESORTS CORP., et al | | |

"If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also ARCO Envtl. Remediation v. Dep't of Health & Envtl. Quality,* 213 F.3d 1108, 1113 (9th Cir. 2000) ("If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case.") The court "resolves all ambiguity in favor of remand." *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2000).

### III. DISCUSSION

Plaintiff seeks remand of the action on the ground that, as a citizen of California, Oasis destroys complete diversity of citizenship. Upon review of the parties' arguments the Court grants Plaintiff's request.

Under 28 U.S.C. §1447(e), "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."

Here, the First Amended Complaint adds Oasis, a California citizen, as a named defendant. Plaintiff alleges that, at all relevant time, Oasis was the owner of the Beverly Hilton Hotel, and the joint employer of Plaintiff. (First Amended Complaint, ¶ 5.) Plaintiff further alleges that Oasis shared with Hilton authority and control over personnel and employment practices. (First Amended Complaint, ¶ 6.) Assuming these allegations true, there is no reason to believe that Oasis was misjoined. Nor does Hilton make such an argument. Therefore, the Court finds that Plaintiff's joinder of Oasis under Rule 20 is proper, and remand of this action to state court for lack of subject matter jurisdiction is appropriate.

### IV. CONCLUSION

In light of the foregoing, the Court **grants** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer